ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ANTHONY AFSHIN KASHANI,<br><br>    Debtor. | Case No. 8:19-bk-14527-MW<br><br>Chapter 7 |
| JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LEWIS and PATTI LEWIS,<br><br>    Defendants. | Adv. No.<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF UNRECORDED INTEREST IN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 544(a)(3);**<br><br>**(2) RECOVERY OF AVOIDED UNRECORDED INTEREST PURSUANT TO 11 U.S.C. § 550;**<br><br>**(3) PRESERVATION OF AVOIDED UNRECORDED INTEREST PURSUANT TO 11 U.S.C. § 551; AND**<br><br>**(4) DECLARATORY RELIEF**<br><br>Hon. Mark S. Wallace |

1366937v1

COMPLAINT

Plaintiff Jeffrey I. Golden ("Plaintiff" or "Trustee"), chapter 7 trustee for the estate ("Estate") of Anthony Afshin Kashani (the "Debtor"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to the chapter 7 case of the Debtor, currently pending in the Bankruptcy Court as Case No. 8:19-bk-14527-MW (the "Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the Estate because it will impact the disposition of property of the Estate and the amount of money available for distribution to creditors. The claims for relief in this Complaint constitute a core proceeding under 28 U.S.C. § 157(b). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Bankruptcy Court. The defendants hereby are notified that Fed. R. Bankr. P. 7012(b) requires the defendants to plead whether the claims for relief alleged against the defendants are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Bankruptcy Case is pending in this district and division. This Court also has personal jurisdiction over the defendants.

## PARTIES

3. Plaintiff Trustee is the duly-appointed chapter 7 trustee for the Debtor's Estate. On November 19, 2019 (the "Petition Date"), the Debtor filed a voluntary chapter 7 bankruptcy petition, and the Trustee was appointed as chapter 7 trustee for the Estate.

4. On information and belief, defendant Jeff Lewis is an individual who is, and at all times relevant hereto was, a resident of Washington County in the State of Utah.

5. On information and belief, defendant Patti Lewis is an individual who is, and at all times relevant hereto was, a resident of Washington County in the State of Utah.

**GENERAL ALLEGATIONS**

6. On information and belief, in or about May of 2012, the Debtor purchased a vacation cabin in Zion National Park, located at 420 S. Zion Ridge Drive, Lot #33, Mt. Carmel, Utah 84741 (the "Property").

7. On information and belief, on or about June 6, 2012, a warranty deed (the "Deed") was recorded as Entry No. 00154561 in the official records of Kane County in the State of Utah. The Deed reflects that the Debtor is the sole owner of the Property.

8. On information and belief, on or about June 6, 2012, a deed of trust in favor of Academy Mortgage Corporation was recorded as Entry No. 00154562 in the official records of Kane County in the State of Utah. This deed of trust reflects that the Debtor is the sole trustor.

9. On information and belief, on or about March 26, 2013, a deed of trust in favor of Zions First National Bank was recorded as Entry No. 00157342 in the official records of Kane County in the State of Utah. This deed of trust reflects that the Debtor is the sole trustor.

10. On information and belief, defendants Jeff Lewis and Patti Lewis allege that they hold a 50% ownership interest in the Property pursuant to a written agreement with the Debtor (the "Alleged Lewis Interest"). Neither the Alleged Lewis Interest nor the alleged written agreement upon which it is based is recorded or reflected in the official records of Kane County in the State of Utah.

11. On information and belief, on or about August 24, 2018, defendants Jeff Lewis and Patti Lewis recorded a "Notice Intrest" [sic] as Entry No. 00180910 in the official records of Kane County in the State of Utah. The recorded document states that "Jeff and Patti Lewis claim and [sic] intrest [sic] in the flowing [sic] property . . . ."

12. The document recorded by defendants Jeff Lewis and Patti Lewis does not describe the nature of the purported interest in the Property allegedly held by Jeff Lewis and Patti Lewis.

**FIRST CLAIM FOR RELIEF**

**(For Avoidance of Unrecorded Interest Pursuant to 11 U.S.C. § 544(a)(3)**

**Against All Defendants)**

13. The Trustee realleges and incorporates herein by reference each and every

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

allegation in paragraphs 1 through 10 above, as if set forth fully herein.

14. Section 544(a)(3) of title 11 of the United State Code confers upon a trustee, without regard to any knowledge of the trustee or of any creditor, the status of a bona fide purchaser of real property as of the commencement of a bankruptcy case, and enables the trustee to avoid any transfer of property of the debtor or any obligation incurred by the debtor that would be voidable by a bona fide purchaser of real property under state law.

15. Under Utah law, a bona fide purchaser of real property takes title free and clear of a prior unrecorded interest if that purchaser lacks actual, constructive, or inquiry notice of such unrecorded interest.

16. The Alleged Lewis Interest in the Property is not reflected in the real property records maintained in Kane County in the State of Utah.

17. As of the Petition Date, the Trustee had no constructive or inquiry notice of the Alleged Lewis Interest in the Property.

18. Pursuant to 11 U.S.C. § 544(a)(3), the unrecorded Alleged Lewis Interest is avoidable by the Trustee to the extent it is an interest in property of the Debtor or the Estate.

**SECOND CLAIM FOR RELIEF**

**(Recovery of Avoided Unrecorded Interest Pursuant to 11 U.S.C. § 550**

**Against All Defendants)**

19. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 18 above, as if set forth fully herein.

20. To the extent that the Alleged Lewis Interest constitutes a transfer by the Debtor, it is avoidable pursuant to 11 U.S.C. § 544(a)(3).

21. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from the defendants any interest in the Property resulting from the Alleged Lewis Interest.

**THIRD CLAIM FOR RELIEF**

**(Preservation of Avoided Unrecorded Interest Pursuant to 11 U.S.C. § 551**

**Against All Defendants)**

22. The Trustee realleges and incorporates herein by reference each and every

allegation in paragraphs 1 through 21 above, as if set forth fully herein.

23. The Trustee is entitled to have any interest in the Property resulting from the Alleged Lewis Interest preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief Against All Defendants)

24. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 16 above, as if set forth fully herein.

25. An actual controversy has arisen between the Trustee and defendants regarding the respective rights of the Estate and defendants in the Property.

26. The Trustee contends that the Property is, in fact, property owned solely by the Debtor's Estate free and clear of any interest held by the defendants, including the Alleged Lewis Interest.

27. Defendants assert that they have an interest in the Property – *i.e.*, the Alleged Lewis Interest.

28. Pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 2201, the Trustee is entitled to a declaratory judgment determining that the Debtor's Estate is the sole owner of the Property free and clear of any interest held by the defendants.

**WHEREFORE**, the Trustee, on behalf of the Estate, prays for judgment against the defendants, and each of them, as follows:

1. On the first claim for relief, for a judgment against all defendants avoiding the Alleged Lewis Interest in the Property pursuant to 11 U.S.C. § 544(a)(3).

2. On the second claim for relief, for a judgment against all defendants recovering the Alleged Lewis Interest in the Property for the benefit of the Estate pursuant to 11 U.S.C § 550.

3. On the third claim for relief, for a judgment against all defendants preserving the Alleged Lewis Interest in the Property for the benefit of the Estate.

4. On the fourth claim for relief, for a judgment against all defendants determining that the Debtor's Estate is the sole owner of the Property free and clear of any interest held by the defendants; and

5. For such other relief as the Court deems just and proper.

DATED: March 18, 2020    ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: ___/s/ Roye Zur_____
ROYE ZUR
Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee